

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Jalen Murphy,** | }  }  } |
| **Plaintiff,** | }  }  }  } |
| v. | }  } Case No.: 2:20-cv-01124-MHH  }  } |
| **Steven Wilkinson, et al.,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Jalen Murphy has sued the City of Hoover and four Hoover police officers. Mr. Murphy alleges the officers used excessive force while arresting him. (Doc. 8, pp. 2–3, ¶¶ 5–28). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the City of Hoover and two of the defendant police officers, Officers Pace and McCreless, have asked the Court to dismiss Mr. Murphy's claims against them. (Docs. 31, 32). For the reasons stated in this opinion, the Court grants the City's motion to dismiss and denies the officers' motion.

1

# I.

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, No. 1:10cv254-MHT, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). Accordingly, the Court construes the factual allegations in the amended complaint and makes reasonable inferences from those allegations in favor of Mr. Murphy.

## II.

Mr. Murphy alleges that on October 29, 2019, at around 1:00 a.m., he was walking around his apartment complex when Officer Steven Wilkinson approached him and asked what he was doing. (Doc. 8, p. 2, ¶¶ 5–8). Mr. Murphy explained that he lived in the complex. Officer Wilkinson told him that "he was being detained because he wanted to know why [Mr. Murphy] was out there." (Doc. 8, p. 2, ¶¶ 9, 11). Officer Jonathan Chambless arrived and tackled Mr. Murphy. (Doc. 8, p. 2, ¶¶ 16, 19). Officer Wilkinson put Mr. Murphy in a headlock and began to beat him around the head. (Doc. 8, p. 2, ¶¶ 20–21). The officers handcuffed Mr. Murphy and dragged him across the grass and concrete, taking skin off Mr. Murphy's face and forehead. (Doc. 8, p. 2, ¶¶ 22–23).

Officers Pace and McCreless arrived and helped the other officers drag Mr. Murphy across the concrete. (Doc. 8, p. 2, ¶ 24). While putting Mr. Murphy in the back of a police car, Officer Chambless slammed Mr. Murphy's head on the roof of the car. (Doc. 8, p. 2, ¶ 26). After securing Mr. Murphy in the police car, Officer Chambless opened the door and sprayed Mr. Murphy in the face with OC spray. (Doc. 8, p. 3, ¶ 28).[1]

---

[1] "OC spray, commonly known as pepper spray, is a nonlethal aerosol used to blind and incapacitate temporarily in order to subdue a subject for arrest." *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1173 n.1 (11th Cir. 2019).

## III.

Mr. Murphy has sued the City of Hoover under Alabama Code § 11-47-190. (Doc. 8, p. 5). He alleges that the City's officers acted unreasonably and unskillfully and that the City has a pattern and practice of allowing its officers to make stops without probable cause and to use unreasonable force against complaint citizens. (Doc. 8, p. 5, ¶¶ 55–56, 58–59). Mr. Murphy seeks compensatory and punitive damages from the City. (Doc. 8, p. 6). The City has asked the Court to dismiss Mr. Murphy's claim against it because the City may not be held liable for the intentional actions of its officers. (Doc. 31, p. 3).

Under Alabama law, "[n]o city . . . shall be liable for damages for injuries done to or wrongly suffered by any person . . ., unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . ." ALA. CODE § 11-47-190. Relying on § 11-47-190, the Alabama Supreme Court has found that "[a] municipality cannot be held liable for the intentional torts of its employees." *Miller v. City of Birmingham*, 235 So. 3d 220, 236 (Ala. 2017) (quoting *Cremeens v. City of Montgomery*, 779 So. 2d 1190, 1201 (Ala. 2000)).

Here, Mr. Murphy alleges Officer Wilkinson's original stop was unreasonable and unskillful because Mr. Murphy "was not doing anything that would reasonably raise [Officer] Wilkinson's suspicion." (Doc. 8, p. 2, ¶12). Mr. Murphy "was simply walking in his neighborhood which he had a right to do." (Doc. 8, p. 3, ¶ 38). But the harm Mr. Murphy alleges relates to the physical injuries he suffered when the defendant officers, in violation of the Fourth Amendment, used excessive force against him, (Doc. 8, pp. 3–5), and the Eleventh Circuit Court of Appeals has explained that "a Fourth Amendment violation depends upon <u>intentional</u> action on the part of the officer." *Corbitt v. Vickers*, 929 F.3d 1304, 1317 (11th Cir. 2019) (citing *Brower v. County of Inyo*, 489 U.S. 593 (1989)) (emphasis in *Vickers*).

Because the factual allegations, viewed in the light most favorable to Mr. Murphy, charge intentional misconduct by the Hoover officers, Ala. Code § 11-47-190 forecloses Mr. Murphy's respondeat superior claim against the City.

## IV.

Though the conduct that Mr. Murphy alleges against Officers Pace and McCreless is less egregious than the conduct he alleges against Officers Chambless and Wilkinson, Mr. Murphy alleges excessive force against Officers Pace and McCreless. Mr. Murphy alleges that after Officers Chambless and Wilkinson placed him in handcuffs, Officers Pace and McCreless arrived on the scene and joined Officers Wilkinson and Chambless as they dragged Mr. Murphy across concrete,

5

scraping skin from his face and forehead. Mr. Murphy's allegation that four police officers dragged a handcuffed individual across concrete, causing the individual to suffer physical injuries, sufficiently states a claim for excessive force against the officers. *See, e.g.*, *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) (plaintiff adequately stated a Fourth Amendment excessive force claim when he "alleged that his head was 'slammed' against the pavement with 'extreme force' after he had been handcuffed and was lying prone on the ground[.]").

## V.

Accordingly, the Court dismisses without prejudice Mr. Murphy's claim against the City of Hoover. The Court denies Officers Pace and McCreless's motion to dismiss. The Court asks the Clerk to please term Docs. 31 and 32.[2]

**DONE** and **ORDERED** this July 1, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] The Court set the defendants' motions to dismiss for a telephone conference. (Docs. 33, 34). Mr. Murphy's attorney had indicated that he might amend Mr. Murphy's complaint, (Doc. 30), so the Court set the conference to ask Mr. Murphy's attorney whether he wished to amend and whether he opposed the City's motion to dismiss. Counsel for Mr. Murphy did not participate in the call.